UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOBER VILLATORO GUERRA,<br><br>                Plaintiff,<br><br>   v.<br><br>OMNI FAMILY HEALTH,<br><br>                Defendant. | Case No. 1:24-cv-01492-JLT-CDB<br><br>ORDER ON STIPULATION FURTHER EXTENDING TIME FOR DEFENDANT TO RESPOND TO COMPLAINT<br><br>(Doc. 10)<br><br>ORDER VACATING MARCH 12, 2025, SCHEDULING CONFERENCE |

**Relevant Background**

On November 4, 2024, Plaintiff Gober Villatoro Guerra ("Plaintiff") initiated this action with the filing of a complaint on behalf of himself and a putative class of others against Defendant Omni Family Health ("Defendant") in the Superior Court of the State of California, Kern County, entitled *Gober Villatoro Guerra v. Omni Family Health*, Case No. BCV-24-103780. (Doc. 1). On December 6, 2024, Defendant removed the action to this Court. (*Id.*). On December 9, 2024, the parties stipulated pursuant to Local Rule 144(a) to extend by 28 days the time for Defendant to respond to the complaint, up to and including January 10, 2025. (Doc. 5).

On December 16, 2024, the Court ordered Defendant to show cause why this action should not be consolidated with other class actions pursuant to Federal Rule of Civil Procedure

42(a).  (Doc. 6).  The Court noted that this action is one of several similar class action suits brought in or removed to this Court in which plaintiffs allege substantially similar facts and nearly identical claims against Defendant.  (*Id.* at 1-2) ("From review of the several complaints, it appears these actions arise from a recent, alleged cyberattack resulting in a data breach of sensitive information in the possession and custody and/or control of Defendant (the 'Data Breach').").  The Court directed Defendant to file a Notice of Related Cases in accordance with Local Rule 123(b) in the instant action and the identified Omni actions therein.  (*Id.* at 3).

On December 27, 2024, Defendant filed the Notice of Related Cases and identified as related several actions, including at the time 13 cases before this Court, eight cases before the Kern County Superior Court, and one case before the Fresno County Superior Court.[1]  (Doc. 8 at 1-3).  Defendant therein advised it intends to remove all the state actions pending in the Superior Courts of California pursuant to 28 U.S.C. § 1446(b).  (*Id.* at 3).  Defendant attests that it has either been served or waived service in all the cases identified aside from three of the state actions.  (*Id.*).

On December 30, 2024, the parties filed a joint status report in response to the Court's show cause order.  (Doc. 9).  Therein, Defendant represents it intends to file a motion to substitute the United States in the matter and all other related Omni matters.  (*Id.* at 1).  The parties represent that they will file in the first filed of the Omni federal actions – *Ellen Pace v. Omni Family Health*, Case No. 1:24-cv-01277-JLT-CDB – a joint stipulation and proposed order consolidating and staying the Omni actions pending resolution of the earlier of Defendant's forthcoming motion to substitute or motions to remand in *Abraham, et al. v. Omni Family Health*, Case No. 1:24-cv-01456-CDB ("*Abraham*") (*Abraham*, Doc. 7) as well as *Scott Stevenson and Marcos Mantoya v. Omni Family Health*, No. 1:24-cv-01459-CDB ("*Stevenson*") (*Stevenson*, Doc. 11).  (*Id.* at 2).

**Pending Stipulated Request**

---

[1] The Court notes two of the identified Omni actions were voluntarily dismissed.  *See Brandon Cubit v. Omni Family Health*, No. 1:24-cv-01491-KES-CDB (Doc. 5) & *Katarina Hernandez individually and as next friend on behalf of S.A. (minor) v. Omni Family Health*, Superior Court of the State of California, County of Kern, Case No. BCV-24-103697 (dismissed on Dec. 23, 2024).

2

Pending before the Court is the parties' stipulated request to extend by 30 additional days the time for Defendant to respond to the complaint, through and including February 10, 2025, filed on January 8, 2025.  (Doc. 10).  The parties represent the requested extension will allow time for: (a) other federal court actions filed against Defendant to be consolidated; (b) the Court to rule upon Defendant's forthcoming motion to substitute the United States in this case as a defendant pursuant to the Federal Tort Claims Act, 42 U.S.C. § 233; and (c) the Court to rule upon the pending motions to remand.  (Doc. 10 at 2).  The parties represent that good cause exists to grant the requested extension in the efficiencies from allowing consolidation to occur and ruling on the pending motions to substitute and to remand.  (*Id.*).

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED:

1. Defendant shall have until **February 10, 2025**, to respond to the complaint by filing an answer or other responsive pleading.  *See* Local Rule 144(a); and

2. The scheduling conference set for March 12, 2025 (Doc. 4) is VACATED to be reset as necessary following ruling on the pending motions to remand in *Stevenson* and *Abraham* and resolution of the issue of consolidation.

IT IS SO ORDERED.

Dated:   **January 10, 2025**

UNITED STATES MAGISTRATE JUDGE