UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN PACE,<br><br>             Plaintiff,<br><br>      v.<br><br>OMNI FAMILY HEALTH,<br><br>             Defendant. | Case No. 1:24-cv-01277-JLT-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)<br><br>(Doc. 9)<br><br>ORDER VACATING SCHEDULING CONFERENCE |
| ALFRED AGUIRRE,<br><br>             Plaintiff,<br><br>      v.<br><br>OMNI FAMILY HEALTH,<br><br>             Defendant. | Case No. 1:24-cv-01361-KES-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| DERAY MITCHELL,<br><br>             Plaintiff,<br><br>      v.<br><br>OMNI FAMILY HEALTH,<br><br>             Defendant. | Case No. 1:24-cv-01384-JLT-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |

1

| | | |
|---|---|---|
| 1 | SAMANTHA ABRAHAM, *et al.*, | Case No. 1:24-cv-01456-JLT-CDB |
| 2 | Plaintiffs, | |
| 3 | v. | ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| 4 | OMNI FAMILY HEALTH, | |
| 5 | Defendant. | |
| 6 | SCOTT STEVENSON, *et al.*, | Case No. 1:24-cv-01459-JLT-CDB |
| 7 | Plaintiffs, | |
| 8 | v. | ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| 9 | OMNI FAMILY HEALTH, | |
| 10 | Defendant. | |
| 11 | SHEILA SWEETEN, *et al.*, | Case No. 1:24-cv-01464-CDB |
| 12 | Plaintiffs, | |
| 13 | v. | ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| 14 | OMNI FAMILY HEALTH, | |
| 15 | Defendant. | |
| 16 | | |
| 17 | ANGELA MIRANDA, | Case No. 1:24-cv-01473-KES-CDB |
| 18 | Plaintiff, | |
| 19 | v. | ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| 20 | OMNI FAMILY HEALTH, | |
| 21 | Defendant. | |
| 22 | LOIS SNELSON, | Case No. 1:24-cv-01480-JLT-CDB |
| 23 | Plaintiff, | |
| 24 | v. | ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| 25 | OMNI FAMILY HEALTH, | |
| 26 | Defendant. | |
| 27 | | |
| 28 | | |

| | |
|---|---|
| SALBADOR CORTEZ MAGANA,<br><br>            Plaintiff,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01488-KES-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| NINA WALL,<br><br>            Plaintiff,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01490-KES-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| GOBER VILLATORO GUERRA,<br><br>            Plaintiff,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01492-JLT-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| LATEISA WHITE,<br><br>            Plaintiff,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01552-KES-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |
| KAREN BLOOM,<br><br>            Plaintiff,<br><br>    v.<br><br>OMNI FAMILY HEALTH,<br><br>            Defendant. | Case No. 1:24-cv-01574-JLT-CDB<br><br>ORDER ON STIPULATION CONSOLIDATING AND STAYING ACTIONS PURSUANT TO FED. R. CIV. P. 42(a) |

On October 20, 2024, Plaintiff Ellen Pace ("Plaintiff") initiated an action with the filing of a complaint on behalf of herself and a putative class against Defendant Omni Family Health ("Defendant"). Case No. 1:24-cv-01277-JLT-CDB ("*Pace*") (Doc. 1). The parties noticed the action as being related to several subsequently filed actions. (Doc. 8). Pending before the Court are the parties' stipulated requests to consolidate and stay the related actions and vacate the upcoming scheduling conference in the *Pace* action in anticipation of the parties' filing of various motions. (Docs. 9, 10).

**Background**

This action is one of several similar class action suits brought in or removed to this Court in which Plaintiffs assert similar claims against Defendant (the "Omni actions"). *See*, *e.g., Gober Villatoro Guerra v. Omni Family Health*, No. 1:24-cv-01492-JLT-CDB ("*Guerra*") (Doc. 6). In *Guerra*, the Court noted the class action complaints here and the other Omni actions allege substantially similar facts and nearly identical causes of action against Defendant. *Id.* at 1-2 ("From review of the several complaints, it appears these actions arise from a recent, alleged cyberattack resulting in a data breach of sensitive information in the possession and custody and/or control of Defendant (the "Data Breach")." The Court ordered Defendant to file a notice of related cases in accordance with Local Rule 123(b) in *Guerra* and the identified Omni actions therein, including the instant action. *Id.* at 3. The Court further ordered the parties in *Guerra* to show cause why this action should or should not be consolidated pursuant to Federal Rule of Civil Procedure 42(a). *Id.*

On December 27, 2024, Defendant filed the notice of related cases and identified as related, *inter alia*, the instant action. (*Guerra*, Doc. 8); *see* (Doc. 8). In addition to the instant action, Defendant listed 13 cases in the Eastern District of California (Defendant noted one case, *Brandon Cubit v. Omni Family Health*, No. 1:24-cv-01491-KES-CDB, was voluntarily dismissed), 8 in the Superior Court for the County of Kern, and 1 in the Superior Court for the County of Fresno. (Doc. 8 at 2-4). Defendant represented that it intended to remove all cases pending in state court. *Id.* at 4.

On December 30, 2024, the parties in *Guerra* filed a joint status report in response to the Court's show cause order. (*Guerra*, Doc. 9). Therein, Defendant represents it intends to file a motion to substitute the United States in the matter and all other related Omni matters. *Id.* at 1. The *Guerra*

parties represented that they will file in the first filed of the Omni federal actions – the instant action, No. 1:24-cv-01277-JLT-CDB ("*Pace*") – a joint stipulation and proposed order consolidating and staying the Omni actions pending resolution of Defendant's forthcoming motion to substitute or motions to remand in *Samantha Abraham, et al. v. Omni Family Health* ("*Abraham*"), No. 1:24-cv-01456-JLT-CDB (*Abraham*, Doc. 7) as well as *Scott Stevenson, et al. v. Omni Family Health*, No. 1:24-cv-01459-JLT-CDB ("*Stevenson*") (*Stevenson*, Doc. 11). (*Guerra*, Doc. 9 at 2).

Subsequently, on January 9, 2025, the *Abraham* parties filed a jointly executed stipulated request to extend the time for Defendant to oppose Plaintiffs' motion to remand. (*Abraham*, Doc. 12). The parties represented that the extension was necessary to allow for the entry of the consolidation stipulation and completion of briefing on the pending motion to remand in *Stevenson*, the decision on which would apply to all related cases. *Id.* at 2-3. The Court granted the parties' stipulated request on January 10, 2025. (*Abraham*, Doc. 14).

**The Parties' Stipulated Request to Consolidate and Stay Related Actions**

In their pending stipulated request for order consolidating and staying the related actions, the parties represent all cases arise out of the same "security incident" against Defendant, namely a data breach of sensitive information that Defendant allegedly discovered on August 7, 2024. (Doc. 9 at 5-9; (Doc. 1 at 2). Further, the parties stipulate these cases present common questions of fact and law, and consolidation is appropriate pursuant to Federal Rule of Civil Procedure 42(a). (Doc. 9 at 9).

The actions are as follows, in order of case number:

1. The instant action, *Ellen Pace v. Omni Family Health* (the "*Pace*" action), Case No. 1:24-cv-01277-JLT-CDB;
2. *Alfred Aguirre v. Omni Family Health* (the "*Aguirre*" action), Case No. 1:24-cv-01361-KES-CDB;
3. *DeRay Mitchell v. Omni Family Health* (the "*Mitchell*" action), Case No. 1:24-cv-01384-JLT-CDB;
4. *Samantha Abraham, et al. v. Omni Family Health* (the "*Abraham*" action), No. 1:24-cv-01456-JLT-CDB;

5

5.  *Scott Stevenson, et al. v. Omni Family Health* (the "*Stevenson*" action), Case No. 1:24-cv-01459-JLT-CDB;

6.  *Sheila Sweeten, et al. v. Omni Family Health* (the "*Sweeten*" action), Case No. 1:24-cv-01464-CDB;

7.  *Angela Miranda v. Omni Family* Health (the "*Miranda*" action), Case No. 1:24-cv-01473-KES-CDB;

8.  *Lois Snelson v. Omni Family Health* (the "*Snelson*" action), Case No. 1:24-cv-01480-JLT-CDB;

9.  *Salbador Cortez Magana v. Omni Family Health* (the "*Magana*" action), Case No. 1:24-cv-01488-KES-CDB;

10. *Nina Wall v. Omni Family Health* (the "*Wall*" action), Case No. 1:24-cv-01490-KES-CDB;

11. *Gober Villatoro Guerra v. Omni Family Health* (the "*Guerra*" action), Case No. 1:24-cv-01492-JLT-CDB;

12. *Lateisa White v. Omni Family Health* (the "*White*" action), Case No. 1:24-cv-01552-KES-CDB;

13. *Karen Bloom v. Omni Family Health* (the "*Bloom*" action), Case No. 1:24-cv-01574-JLT-CDB.

*Id.* at 5-9.

In their stipulated request, the parties state that they agree all of the actions[1] named above should be stayed to (a) "allow time for the service and removal of all the Omni actions currently pending in state court," (b) consolidation of the Omni actions, and (c) a decision on Plaintiff's motion to remand in *Stevenson* or on Defendant's forthcoming motion to substitute the United States of America pursuant to the Federal Tort Claims Act, whichever the Court decides first. (Doc. 9 at 10). The parties state that, to "conserve judicial resources," they agree all deadlines in the Omni actions

---

[1] The parties do not include the *Bloom* action when listing which actions should be stayed. (Doc. 9 at 10). However, the Court construes from the parties' stipulation that they intended for *Bloom* to be stayed along with the other cases. Additionally, the parties do not explicitly state why the *Bloom* action should warrant separate treatment. As such, the Court presumes the parties intended for *Bloom* to be stayed alongside the other Omni actions.

should be stayed except for the deadlines relating to the completion of briefing on the *Stevenson* motion to remand (*Stevenson*, Doc. 11) and on Defendant's forthcoming motion to substitute, and the Court's decisions on both "shall be binding on all [r]elated [a]ctions." (Doc. 9 at 10).  Additionally, the parties state they agree that no other plaintiffs in the Omni actions need file a motion to remand and briefing need not be completed on the already-filed motion to remand in *Abraham* (*Abraham*, Doc. 7).

The parties agree to consolidate all of the Omni actions, as well as any subsequently filed or removed actions relating the Data Breach, into the instant action, absent a court order otherwise. (Doc. 9 at 11).  Further, they agree that "[t]he [p]arties shall file a Notice of Related Cases pursuant to Civil Local Rule 123 whenever a case that should be consolidated into the Consolidated Action is filed in, or removed to, this District." *Id.*

Finally, the parties propose the following briefing schedule for the pending motion to remand and Defendant's forthcoming motion to substitute (*id.* at 12):

- Defendant's motion to substitute:                    January 24, 2025
- Defendant's opposition to motion to remand:          February 14, 2025
- Plaintiffs' opposition to motion to substitute:      February 14, 2025
- Plaintiffs' reply in support of remand:              February 28, 2025
- Defendant's reply in support of substitution:        February 28, 2025
- Combined hearing on remand and substitution:         April 14, 2025 (JLT)

**Discussion**

When multiple actions pending before a court involve common questions of law or fact, the court may order a joint hearing or trial of any or all matters at issue in the actions; consolidate the actions; and/or issue any other orders to avoid unnecessary cost or delay.  Fed. R. Civ. P. 42(a). The court has "broad discretion" to determine whether and to what extent consolidation is appropriate.  *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016) (citing *Inv'rs Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)).  "Typically, consolidation is a favored procedure."  *Blount v. Boston Scientific Corporation*, No. 1:19-cv-00578-AWI-SAB, 2019 WL 3943872, *2 (E.D. Cal. Aug. 21, 2019) (citing *In re Oreck Corp. Halo Vacuum & Air Purifiers*

7

*Mktg. & Sales Practices Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012)).  In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007).

Here, based on the parties' stipulated representations and the Court's review of the pleadings in the Omni actions, the Court finds there are significant and substantial common issues of fact and law that warrant consolidation under Rule 42(a) and Local Rule 123.  Moreover, the Court agrees with the parties the benefit of consolidation would reduce the burden on judicial resources, the parties, and any potential witnesses, eliminate the risk of inconsistent adjudications, avoid prejudice, and allow for the orderly and expeditious resolution of all cases.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. The following actions are CONSOLIDATED under Rule 42(a) for all purposes:
   a. The instant action and lead case, *Ellen Pace v. Omni Family Health*, Case No. 1:24-cv-01277-JLT-CDB;
   b. *Alfred Aguirre v. Omni Family Health*, Case No. 1:24-cv-01361-KES-CDB;
   c. *DeRay Mitchell v. Omni Family Health*, Case No. 1:24-cv-01384-JLT-CDB;
   d. *Samantha Abraham, et al. v. Omni Family Health*, Case No. 1:24-cv-01456-JLT-CDB;
   e. *Scott Stevenson, et al. v. Omni Family Health*, Case No. 1:24-cv-01459-JLT-CDB;
   f. *Sheila Sweeten, et al. v. Omni Family Health*, Case No. 1:24-cv-01464-CDB;
   g. *Angela Miranda v. Omni Family Health*, Case No. 1:24-cv-01473-KES-CDB;
   h. *Lois Snelson v. Omni Family Health*, Case No. 1:24-cv-01480-JLT-CDB;
   i. *Salbador Cortez Magana v. Omni Family Health*, Case No. 1:24-cv-01488-KES-CDB;
   j. *Nina Wall v. Omni Family Health*, Case No. 1:24-cv-01490-KES-CDB;

k. *Gober Villatoro Guerra v. Omni Family Health*, Case No. 1:24-cv-01492-JLT-CDB;

l. *Lateisa White v. Omni Family Health*, Case No. 1:24-cv-01552-KES-CDB; and

m. *Karen Bloom v. Omni Family Health*, Case No. 1:24-cv-01574-JLT-CDB.

2. All further filings in this consolidated action shall be made in lead case *Ellen Pace v. Omni Family Health*, No. 1:24-cv-01277-JLT-CDB.

3. Any order on the motion to remand currently pending in *Stevenson* (*Stevenson*, Doc. 11) shall be applicable to all consolidated actions.

4. The aforementioned cases are stayed pending both (1) the removal of the remaining Omni actions from state court and (2) the earlier of either a decision on the Plaintiffs' motion to remand (*Stevenson*, Doc. 11) or a determination on Omni's forthcoming motion to substitute pursuant to the Federal Tort Claim Act under 42 U.S.C. § 233(a).

5. The scheduling conference in *Pace,* No. 1:24-cv-01277-JLT-CDB, currently set for January 21, 2025 (Doc. 5), is VACATED.

6. The briefing schedule for the consolidated motion to remand (*Stevenson*, Doc. 11) and Defendant's forthcoming motion to substitute is as follows:

   a. Defendant's motion to substitute: January 24, 2025
   b. Defendant's opposition to motion to remand: February 14, 2025
   c. Plaintiffs' opposition to motion to substitute: February 14, 2025
   d. Plaintiffs' reply in support of remand: February 28, 2025
   e. Defendant's reply in support of substitution: February 28, 2025
   f. Combined hearing on remand and substitution: April 14, 2025

IT IS SO ORDERED.

Dated: **January 14, 2025**

UNITED STATES MAGISTRATE JUDGE

9